UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MEHAR SINGH,

                Petitioner,

      v.

PAMELA BONDI ET AL.,

                Respondents.

Case No. C26-0598-SKV

ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Mehar Singh is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Petitioner, through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he asserts, amongst other grounds, that his re-detention after release from custody on an order of recognizance violates his constitutional right to due process under the Fifth Amendment to the United States Constitution. *See* Dkt. 1 at 15. Respondents, in a return to the petition, argue that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) and that his prior release was "an operational accommodation" revocable without a hearing. *See* Dkt. 7 at 7. Having considered the petition, the return, Petitioner's reply, Dkt. 10, and the governing law, the Court finds that the Government's re-detention of Petitioner, without

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 1

prior notice or an opportunity to be heard, violated his constitutional right to due process. Accordingly, the Court GRANTS the petition IN PART, and ORDERS that Petitioner be released from detention within **twenty-four (24) hours** on the same conditions that governed prior to his unlawful re-detention.  The Court DENIES without prejudice Petitioner's request for injunctive relief.

I.      <u>BACKGROUND</u>

Petitioner is a citizen of India.  *See* Dkt. 1 at 2.  On or about April 18, 2023, he entered the United States without inspection.  *See id.*; Dkt. 1-2 at 1 (Notice to Appear).  On April 19, 2023, Petitioner was released from immigration custody on an Order of Recognizance ("OREC").  *See* Dkt. 8 at 2; Dkt. 9-3 at 2 (OREC).  One of the conditions of his release was that he not violate any local, State, or Federal laws or ordinances.  *See id.*  He subsequently filed an application for asylum, which remains pending.  *See* Dkt. 1 at 2; Dkt. 7 at 7; Dkt. 8 at 2. Petitioner also reported for periodic check-ins with ICE.  *See* Dkt. 1-3.

On November 29, 2025, Petitioner was arrested for driving under the influence ("DUI"). *See* Dkt. 10 at 10; Dkt. 8 at 2.  No charges resulted because the "State Toxicologist currently has a work backlog and . . . [was] unable to complete blood analysis within the mandated time for speedy trial."[1]  Dkt. 10-1.

On January 21, 2026, Petitioner was re-detained during an ICE check-in after officers "discovered that . . . Yakima PD arrested and charged [Petitioner] . . . with DUI."  Dkt. 9-4 at 3. That same day, a warrant for Petitioner's arrest issued, *see* Dkt. 9-5 at 3, ICE cancelled his OREC, *see* Dkt. 9-6 at 2, and a custody re-determination was made, *see* Dkt. 9-5 at 2.

///

---

[1] In his petition, Petitioner contends that he "has never been arrested[.]"  Dkt. 1 at 16.  Petitioner's reply concedes he has been arrested.  *See* Dkt. 10 at 10.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 2

II.    <u>DISCUSSION</u>

Federal courts have authority to grant writs of habeas corpus to individuals detained in "violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Yildirim v. Hermosillo*, No. C25-2696-KKE, 2026 WL 111358, at *1 (W.D. Wash. Jan. 15, 2026).  Here, Petitioner argues, amongst other grounds, that his re-detention constitutes deprivation of liberty without due process of law in violation of the Fifth Amendment to the United States Constitution.  *See* Dkt. 1 at 15; U.S. Const. amend. V.  He asserts that he was released on his own recognizance and re-detained without a hearing.  *See* Dkt. 1 at 2; Dkt. 10 at 8.

The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of life, liberty, or property without due process.  *See* U.S. Const. amend. V.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  It is well established that due process rights extend "to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."  *Id.* at 693.

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty[.]'"  *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).  Procedural due process claims require a two-step analysis.  The first step "asks whether there exists a liberty . . . interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient."  *Ledesma Gonzalez v. Bostock*, 808 F. Supp. 3d 1189, 1202 (W.D. Wash. 2025) (quoting *United States v. Juvenile Male*, 670 F.3d 999, 1013 (9th Cir. 2012)).

Due process is flexible and adequate procedural protections vary based on the circumstances. *Mathews*, 424 U.S. at 334. However, "[t]he fundamental requirement of [procedural] due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Courts look to the three-part test established in *Mathews v. Eldridge* to determine what procedures suffice. The *Mathews* test balances three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335.

"In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews*' three-part test applies in 'the immigration detention context[,]'" and courts in this District routinely apply it in cases such as this one that involve re-detention after release. *Yildirim*, 2026 WL 111358, at *2 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022)); *see, e.g.*, *Cabrera Perez, v. Hermosillo*, No. C25-2542-RSM, 2026 WL 100735, at *6 (W.D. Wash. Jan. 14, 2026); *see also Llanes Tellez v. Bondi*, No. 25-CV-08982-PCP, 2025 WL 3677937, at *5 (N.D. Cal. Dec. 18, 2025).

In their Return, Respondents assert that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) and therefore lawfully detained. *See* Dkt. 7 at 8. They make that argument notwithstanding Petitioner's OREC, which states that, "[i]n accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations," Petitioner was "released on . . . [his] own recognizance[.]" Dkt. 9-3 at 2. "Section 236 of the Immigration and Nationality Act [("INA")] corresponds to 8 U.S.C. § 1226[,]" while

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 4

different INA sections correspond to 8 U.S.C. § 1225. *Llanes Tellez*, 2025 WL 3677937, at \*3; *Immigration and Nationality Act*, U.S. Citizenship & Immigration Services, https://www.uscis.gov/laws-and-policy/legislation/immigration-and-nationality-act (last visited Mar. 17, 2026) (linking INA 236 to 8 U.S.C. § 1226, the corresponding U.S. Code section). Respondents acknowledge that this Court, and others in this District, have repeatedly rejected their legal position. *See* Dkt. 7 at 8. Consistent with this District's precedents, and in view of Petitioner's order of release pursuant to Section 1226, the Court deems Section 1226 applicable, holds that noncitizens already residing in the United States are subject to discretionary detention under Section 1226(a), considers the *Mathews* factors as applied to this case, and evaluates whether Petitioner's re-detention comported with constitutional due process requirements. *See, e.g.*, *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1335–36 (W.D. Wash. 2025).

A.    Private Interest

First, the Court considers the private interest affected by the official action. Freedom from detention "is the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Since his initial release almost three years ago, Petitioner has lived in the community and built a life in the United States, relying upon "at least an implicit promise that . . . [release] will be revoked only if he fails to live up to the . . . [release] conditions."[2] *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). Conditional liberty is valuable, and its revocation undoubtedly "inflicts a 'grievous loss'" on Petitioner. *Id.* Even if the Government had initial discretion to detain or release Petitioner, its decision to release him triggers "a protected liberty interest in remaining out of custody[]" applicable here. *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). Accordingly, the Court finds that Petitioner has a

---

[2] Petitioner asserts that he has "deep ties to the community[,]" but he does not detail any. Dkt. 1 at 16.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 5

constitutionally protected interest in his continued liberty. The first *Mathews* factor weighs in Petitioner's favor.

B.    Risk of Erroneous Deprivation

Second, the Court considers the risk of erroneous deprivation of that interest through the procedures used, as well as the value of additional or substitute safeguards.

Respondents contend that Petitioner's receipt of "contemporaneous written notice of the revocation on the very day of re-detention (January 21, 2026) through the OREC-cancellation memorandum, Form I-200 Warrant of Arrest, and Form I-286 Notice of Custody Determination[] . . . eliminate[d] any meaningful risk of erroneous deprivation." Dkt. 7 at 9–10. They also assert that Petitioner had "the opportunity to contest . . . [those documents] before the Immigration Court," presumably referencing Petitioner's February 9, 2026, master calendar hearing or his most recent asylum hearing on February 26, 2026. *Id.* at 10; Dkt. 8 at 2. They do not point to any opportunity "contemporaneous" with the service of those documents through which he could challenge the decision or its factual underpinnings before losing his liberty.

That lack of opportunity created a risk of error that manifested here. Respondents argue that,

> [t]he revocation rested on an objective, verifiable event of Petitioner's arrest and charge for DUI by the Yakima Police Department. This was not a discretionary or subjective judgment but a clear violation of the OREC's express conditions of compliance with all federal, state, and local laws.

Dkt. 7 at 10. But Respondents apparently did not do sufficient verification to learn charges were not brought. Petitioner filed proof that a decision was made not to charge him two days after his DUI arrest and weeks before his re-detention. Dkt. 10-1 ("No Charges Filed Decision" dated December 1, 2025). An arrest, standing alone, is not evidence of criminal activity in breach of

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 6

Petitioner's release conditions.  *See, e.g.*, *Yon Kervis U. v. Chestnut*, No. 25-CV-2066-KES-SAB-HC, 2026 WL 88983, at *1 (E.D. Cal. Jan. 12, 2026) (quoting *Duncan v. California*, No. S-04-0523 LKK-PAN, 2006 WL 1883385, at *2 (E.D. Cal. July 7, 2006) ("The contention that an arrest, without more, constitutes evidence of criminal activity is without merit.").  Additional safeguards—specifically, a meaningful, pre-deprivation opportunity to respond—would have permitted Petitioner to correct Respondents' erroneous understanding that he faced criminal charges.

The Court holds that the procedures used denied Petitioner any meaningful process before his re-detention.  They created a high risk that his liberty would be erroneously deprived, and pre-deprivation process would have meaningfully reduced that risk.  Accordingly, the second *Mathews* factor favors Petitioner.

C.      Government Interest

The third factor evaluates the Government's countervailing interests, including the function involved, and the fiscal or administrative burdens of additional or substitute safeguards.  Respondents argue that the Government has a strong interest in enforcing mandatory detention under Section 1225(b) and "detaining an individual who violated release conditions through a DUI arrest[.]" Dkt. 7 at 10.  Again, the Court finds Petitioner is not subject to mandatory detention, and the Government does not have a cognizable interest in enforcing inapplicable statutory provisions against Petitioner.  With respect to public safety concerns triggered by Petitioner's arrest, Respondents point to no exigency that required Petitioner's immediate re-detention, especially in view of the City of Yakima's decision to release him without charges seven weeks prior.  Nor do Respondents point to any burden pre-deprivation process would have imposed on the Government.  To the extent that affording pre-deprivation process through which

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 7

Petitioner could have addressed his arrest and any public safety implications would have imposed additional burden on the Government, that burden is far outweighed by the important liberty interest at stake and risk of error. The Court finds the Government's interest in re-detaining Petitioner with no pre-deprivation process was low. The third factor therefore also weighs in Petitioner's favor.

In sum, all three *Mathews* factors favor petitioner. The Court concludes that Petitioner has shown, by a preponderance of the evidence, that he is being unconstitutionally held. Due process entitled Petitioner to notice and a meaningful opportunity to respond before being deprived of his liberty interest in continued release. *See, e.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025). No such opportunity was afforded to him, and his constitutional right to due process was violated. In view of this conclusion, the Court does not address Petitioner's additional claims alleging unlawful bond denial. *See* Dkt. 1 at 14.

D.     Remedy

"In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief," *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013), and may dispose of habeas matters "as law and justice require," 28 U.S.C. § 2243.

Respondents argue that, if the Court concludes that due process requires a hearing, then it should order a prompt post-deprivation hearing. *See* Dkt. 7 at 11. For support, they point to two cases, *Quinonez Torres* and *Bealter Reyes*, in which a post-deprivation hearing was ordered where petitioners had been arrested and charged with a crime after release. *See id.* (first citing *Quinonez Torres v. Hermosillo, et al.*, 2:26- cv-00076-TLF, 2026 WL 547591, at *10 (W.D. Wash. Feb. 23, 2026); then citing *Bealter Reyes v. Hermosillo*, No. 2:26-cv-00270-TLF, 2026 WL 507678, at *5 (W.D. Wash. Feb. 24, 2026)). However, unlike petitioners Quinonez Torres

and Bealter Reyes, Petitioner's arrest did not lead to charges.  The Court is therefore not persuaded to follow those cases and instead concludes that immediate release is the most appropriate remedy for Petitioner's unconstitutional re-detention.  *See, e.g.*, *Munoz-Flores v. Chestnut*, No. C26-1301-KES-HBK-HC, 2026 WL 457124, at *1 (E.D. Cal. Feb. 18, 2026) (granting a writ of habeas corpus and immediate release where a petitioner was re-detained based on a DUI arrest without conviction); *Yon Kervis*, 2026 WL 88983 at *2 (same).

Petitioner also asks the Court to "[e]njoin and restrain [Respondents] from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where Respondents will have the burden to demonstrate a change in circumstances justifying petitioner's re-detention."  The Court DENIES without prejudice his request for injunctive relief because he has not argued the requirements of *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008).

III.   CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART the habeas petition at Docket No. 1 and ORDERS that Petitioner be released from custody within **twenty-four (24) hours** of this Order, subject to the same conditions of release that governed before he was re-detained. Within **forty-eight (48) hours** of the issuance of this Order, the Government is ORDERED to file a declaration confirming that Petitioner has been released.  The Court DENIES without prejudice Petitioner's unbriefed request for an injunction prohibiting his re-detention absent specific process.

///

///

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 9

Any fee petition shall be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 17th day of March, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 10